J. Bryan Quesenberry
2750 SW Coast Ave.
Lincoln City, OR 97367
801-473-9951
jbq.esq@gmail.com
*Plaintiff/Relator*

FILED
CLERK, U.S. DISTRICT COURT

JUL 2 6 2024

CENTRAL DISTRICT

*fee paid*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <u>ex</u> <u>rel</u>. J. BRYAN QUESENBERRY,<br><br>            Plaintiff/Relator,<br><br>vs.<br><br>CAMINO FINANCIAL, INC.; CENTER STREET LENDING CORPORATION; FINANCE ONE, INC.; J D FACTORS, LLC; and THE FUNDWORKS, LLC,<br><br>            Defendants. | **COMPLAINT FOR VIOLATION OF FEDERAL FALSE CLAIMS ACT**<br><br>**CV24·6446- SVW (SSCx)**<br><br>**(Filed in camera and under seal)**<br>**(DO NOT PLACE ON PACER)**<br><br>JURY TRIAL DEMANDED<br><br>Civil Action No. |

Plaintiff-Relator J. Bryan Quesenberry, a licensed attorney acting *pro se* on behalf of the United States of America (the **"Government"** or the **"Federal Government"**) and against each Defendant, alleges, based upon personal knowledge, relevant documents, information, and belief, as follows.

### INTRODUCTION

1.      This is an action to recover damages and civil penalties on behalf of the United States of America arising from false and/or fraudulent records, statements, and claims made and

003120

caused to be made by each Defendant and/or its agents and employees, in violation of the federal False Claims Act, 31 U.S.C. §§ 3729, *et seq.* **("FCA")**.

2. This action seeks to recover approximately **$4.5 million** wrongfully loaned to Defendants through the Federal Government's Payroll Protection Program **("PPP")**. The PPP provided a pathway to borrowers to receive forgiveness of these loans.

3. Each Defendant is primarily engaged in the business of lending, as detailed below.

4. As such, each Defendant was not entitled to receive PPP funds. *See*, 13 CFR 120.110(b) (ineligible businesses include "[f]inancial businesses primarily engaged in the business of lending, such as banks, finance companies, and factors").

5. Nevertheless, each Defendant represented in its PPP application that it was eligible for a PPP loan.

6. Because Defendants obtained and were forgiven of approximately $4.5 million in PPP funds, despite being ineligible, other eligible small businesses were denied the opportunity to borrow and use that PPP money.

### HISTORY OF THE FALSE CLAIMS ACT

7. Pursuant to the PPP, the Federal Government spent hundreds of billions of dollars in stimulus funding, as well as other federal funding, to support and aid small businesses through the coronavirus pandemic.

8. The FCA was enacted during the Civil War, and was substantially amended in 1986, and again in 2009 and 2010. Congress amended the FCA in 1986 to enhance the Federal Government's ability to recover losses sustained as a result of fraud against the United States after finding that fraud in federal programs was pervasive and that the FCA, which Congress

characterized as a primary tool for combating government fraud, was in need of modernization. The amendments create incentives for individuals to come forward with information about fraud against the Federal Government without fear of reprisals or inaction, and enable the use of private legal resources to prosecute fraud claims on the Federal Government's behalf.

9.      The FCA prohibits, *inter alia*: (1) knowingly presenting, or causing to be presented, a false or fraudulent claim for payment or approval; and (2) knowingly making or using, or causing to be made or used, a false or fraudulent record or statement material to a false or fraudulent claim. 31 U.S.C. §§ 3729(a)(1)(A), (B). Anyone who violates the FCA is liable for a civil penalty for each such claim, plus three times the amount of the damages sustained by the Government. 31 U.S.C. § 3729(a)(1)(A) (as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990 [28 U.S.C. § 2461 note; Public Law 104-410]).

10.     In 2009, Congress amended the FCA to clarify that a "claim" includes "any request or demand, whether under a contract or otherwise, for money or property and whether or not the United States has title to the money or property that (i) is presented to an officer, employee, or agent of the United States; or (ii) is made to a contractor, grantee, or other recipient, if the money or property is to be spent or used on the Government's behalf or to advance a Government program or interest…" 31 U.S.C. § 3729(b)(2).

11.     The FCA allows any person having information about an FCA violation to bring an action for himself and the Federal Government, and to share in any recovery. The FCA requires that the complaint be filed under seal for a minimum of 60 days (without service on Defendant during that time) to allow the Federal Government time to conduct its own investigation and to determine whether to join the suit.

3

12.    Based on the foregoing laws, *qui tam* Plaintiff/Relator seeks through this action to
recover all available damages, civil penalties, and other relief for the violations alleged herein in
every jurisdiction to which each Defendant's misconduct has extended.

## PARTIES

13.    Plaintiff/Relator J. Bryan Quesenberry **("Relator")** is a resident of Oregon. He is
an attorney licensed to practice law in Utah and Oregon and brings this action on behalf of the
United States of America, the real party in interest.

14.    Defendant Camino Financial, Inc. ("**Camino Financial**") is a California
corporation in Los Angeles County, California.

15.    Defendant Center Street Lending Corporation ("**Center Street Lending**")
is a California corporation in Orange County, California.

16.    Defendant Finance One, Inc. ("**Finance One**") is a California corporation
in Los Angeles County, California.

17.    Defendant J D Factors, LLC ("**J D Factors**") is a California limited liability
company in Los Angeles County, California.

18.    Defendant The Fundworks, LLC ("**Fundworks**") is a Delaware limited liability
company in Los Angeles County, California.

## JURISDICTION AND VENUE

19.    This Court has jurisdiction over the subject matter of this action pursuant to 28
U.S.C. § 1331 and 31 U.S.C. § 3732, the latter of which specifically confers jurisdiction on this
Court for actions brought pursuant to 31 U.S.C. §§ 3729 and 3730. Although this issue is no
longer jurisdictional after the 2009 amendments to the FCA, upon information and belief there
has been no statutorily relevant public disclosure of the "allegations or transactions" in this
Complaint, as those concepts are used in 31 U.S.C. § 3730(e), as amended by Pub. L. No. 111-

148, § 10104(j)(2), 124 Stat. 119, 901-02.

20.     Moreover, whether or not such a disclosure has occurred, Relator would qualify as an "original source" of the information on which the allegations or transactions in this Complaint are based. Relator researched and discovered the pertinent entity information and individual information of each Defendant.

21.     This Court has personal jurisdiction over each Defendant pursuant to 31 U.S.C. § 3732(a) because that section authorizes nationwide service of process and because each Defendant is a legal entity located in the Central District of California.

22.     Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b)-(c) and 31 U.S.C. § 3732(a) because each Defendant is a legal entity located in the Central District of California, and because violations of 31 U.S.C. §§ 3729 *et seq*. alleged herein occurred within this district.

## THE PAYCHECK PROTECTION PROGRAM

23.     Congress added sections 1102 and 1106 of the Coronavirus Aid, Relief, and Economic Security Act **("CARES Act")**. Section 1102 contained a new program called the Paycheck Protection Program **("PPP")** and was part of the U.S. Small Business Administration's **("SBA")** 7(a) Loan Program. These two sections were intended to provide economic relief to small businesses nationwide adversely impacted by the coronavirus pandemic and the COVID-19 Emergency Declaration issued by then-President Trump on March 13, 2020.

24.     Due to the COVID-19 emergency, many small businesses nationwide were experiencing economic hardship as a direct result of the Federal, State, and local public health measures that were being taken to minimize the public's exposure to the coronavirus.

25.     The SBA received funding and authority through the CARES Act to modify existing loan programs and establish the new PPP loan program to assist small businesses

nationwide adversely impacted by the coronavirus pandemic.

26.     Section 1102 of the Act temporarily permitted SBA to guarantee 100% of 7(a)

loans under the PPP. Section 1106 of the CARES Act provided for forgiveness of up to the full

principal amount of qualifying loans guaranteed under the PPP.

27.     The CARES Act was intended to provide relief to America's small businesses

expeditiously.

28.     The CARES Act gave lenders delegated authority to process loan applications for

PPP funding. SBA allowed lenders to rely on certifications of the borrowers in order to

determine eligibility of the borrower and use of loan proceeds, and to rely on specified

documents provided by the borrower to determine qualifying loan amount, and eligibility for

loan forgiveness. Lenders were held harmless for borrowers' failures to comply with PPP rules.

29.     Defendants submitted documentation attempting to establish eligibility such as

payroll processor records, payroll tax filings, form 1099s, and income and expenses

documentation.

30.     On the PPP application, a representative of each Defendant had to certify in good

faith to a number of representations to the Federal Government. The second bullet point under

the CERTIFICATIONS AND AUTHORIZATIONS section on the PPP loan application states:

> ***The Applicant is eligible to receive a loan*** under the rules in effect at the time this
> application is submitted that have been issued by the Small Business Administration
> (SBA) implementing the Paycheck Protection Program under Division A, Title I of the
> Coronavirus Aid, Relief, and Economic Security Act (CARES Act) (the Paycheck
> Protection Program Rule). [Emphasis added].

31.     Another certification on the application states, "Current economic uncertainty

makes this loan request necessary to support the ongoing operations of the Applicant."

32.     Defendants also "further certif[ied] that the information provided in this

application and the information provided in all supporting documents and forms is true and

accurate in all material respects."

33.    Finally, Defendants certified that they "underst[ood] that knowingly making a

false statement to obtain a guaranteed loan from SBA is punishable under the law, including

under 18 USC 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to

$250,000; under 15 USC 645 by imprisonment of not more than two years and/or a fine of not

more than $5,000; and, if submitted to a federally insured institution, under 18 USC 1014 by

imprisonment of not more than thirty years and/or a fine of not more than $1,000,000."

## ALLEGATIONS

### Lenders Are Not Eligible for PPP Loan Forgiveness

34.    Title I, Section 1102(a)(i)(D)(i) of the CARES Act indicates that borrowers must

comply with certain eligibility requirements.

35.    One such eligibility requirement, as stated in the Code of Federal Regulations, is

that "[f]inancial businesses primarily engaged in the business of lending, such as banks, finance

companies, and factors" are ineligible to receive SBA loans, which would include PPP loans. *See*,

13 CFR 120.110(b).

36.    The SBA even provided a set of Frequently Asked Questions (FAQ) to help

borrowers know, among other things, if they are eligible for PPP loans and PPP loan forgiveness.[1]

FAQ 70 asks: "Are 501(c)(3) Nonprofit Lenders Eligible for PPP Loan Forgiveness?" The FAQ

answer explained that nonprofit lenders were eligible to apply for a PPP loan and for loan

forgiveness despite 13 CFR 120.110. For-profit lenders, however, were ineligible for PPP loans and

PPP loan forgiveness.

37.    Defendants are for-profit lenders.

---

[1] This FAQ document is located here: https://www.sba.gov/sites/default/files/2024-
05/FAQ%20PPP%20for%20Borrowers%20and%20Lenders%20Questions%201-73%20%28FINAL%205-
9-24%29%20508.pdf

**Defendants Are For-Profit Businesses Primarily Engaged in the Business of Lending**

38.     The following information establishes Defendants are primarily engaged in the business of lending.

**Camino Financial**

39.     According to the SBA dataset containing information on PPP loans, this borrower used NAICS code 522298, which is the code for all other nondepository credit intermediation.

40.     Camino Financial is a small-business lender, according to its website. *See,* https://www.caminofinancial.com. The home page advertises lending services such as "Accelerated Business Financing" and states, "We empower small businesses with working capital."

**Center Street Lending**

41.     According to the SBA datasets containing information on PPP loans, this borrower used NAICS code 522291, which is the code for consumer lending, for its first-draw loan.  For its second-draw loan, it used the NAICS code 522298, which is the code for all other nondepository credit intermediation.

42.     Center Street Lending provides loans for investors in residential real estate, according to its website. *See,* https://www.centerstreetlending.com. The home page advertises the following lending services: "Fix & Flip Loans," "Bridge Loans," "Short Term Rental Loans," "Ground Up Construction Loans," and "Long-Term Rental Loans."

**Finance One**

43.     According to the SBA datasets containing information on PPP loans, this borrower used NAICS code 522298, which is the code for all other nondepository credit intermediation.

44.     Finance One "is a commercial finance company specializing in factoring," according to its website. *See,* http://www.finone.com.

**J D Factors**

45.     According to the SBA datasets containing information on PPP loans, this borrower

used the NAICS code 522298, which is the code for all other nondepository credit intermediation.

46.     "J D Factors provides non-recourse factoring to turn your unpaid invoices into the

immediate cash you need without credit risk or debt," according to its website. *See,*

https://www.jdfactors.com.

**Fundworks**

47.     According to the SBA datasets containing information on PPP loans, this borrower

used the NAICS code 522298, which is the code for all other nondepository credit intermediation.

48.     Fundworks provides funding to small businesses, according to its website.

Businesses have used Fundworks's funds for expanding inventory, working capital, marketing,

purchasing equipment, relocation and remodeling, and seasonal support. *See,*

https://thefundworks.com.

**Defendants' PPP Loans**

49.     Camino Financial applied and was approved for a first-draw PPP loan on April 14,

2020 (loan number 7635807102), in the amount of $329,000.00 and received said PPP loan.  The

SBA dataset does not disclose the forgiveness status of this loan.

50.     Center Street Lending applied and was approved for a first-draw PPP loan on April

10, 2020 (loan number 1630127103), in the amount of $619,215.00, received said PPP loan, and

had said PPP loan forgiven on March 9, 2021, in the amount of $624,728.56.

51.     Center Street Lending applied and was approved for a second-draw PPP loan of

$732,684.52 on February 27, 2021 (loan number 5464228510), received said PPP loan, and had

said PPP loan forgiven on September 17, 2021, in the amount of $736,659.08.

52.     Finance One applied and was approved for a first-draw PPP loan on April 15, 2020

9

(loan number 2043447203), in the amount of $569,580.00 and received said PPP loan. The SBA dataset does not disclose the forgiveness status of this loan.

53.    J D Factors applied and was approved for a first-draw PPP loan on May 1, 2020 (loan number 4210547707), in the amount of $707,649.00 and received said PPP loan.  The SBA dataset does not disclose the forgiveness status of this loan.

54.    Fundworks applied and was approved for a first-draw PPP loan on April 13, 2020 (loan number 5903808401), in the amount of $722,522.50, received said PPP loan, and had said PPP loan forgiven on April 29, 2021, in the amount of $728,203.70.

55.    Fundworks applied and was approved for a second-draw PPP loan of $722,522.50 on February 9, 2021 (loan number 5903808401), received said PPP loan, and had said PPP loan forgiven on August 11, 2021, in the amount of $726,105.42.

56.    Upon information and belief, Defendants retained their PPP funds and have not repaid them.

57.    Relator reserves the right to amend this Complaint and expand these allegations upon review of the actual applications and supporting documentation submitted by each Defendant.

### CAUSES OF ACTION

### COUNT 1
**Violations of the FCA, 31 U.S.C. § 3729(a)(1)(A) Against All Defendants
(Submitting a False Claim for Approval)**

58.    The above paragraphs are realleged and incorporated herein.

59.    The FCA imposes liability on one who knowingly presents or causes to be presented a false or fraudulent claim for payment or approval. 31 U.S.C. § 3729(a)(1)(A).

60.    Defendants knowingly presented or caused to be presented to the SBA claims for approval of PPP loans and PPP loan forgiveness for which they were ineligible.

61.    Defendants' knowingly false certifications on the PPP loan applications and PPP

forgiveness applications at issue herein were material to the government's decision to forgive

their PPP loans. When submitting the PPP loan applications and PPP loan forgiveness

applications, Defendants had to certify they were compliant with SBA's guidance and rules, that

they were eligible for the PPP loans, and that all information included on their application forms

was true and accurate in all material respects.

62.    But for Defendants' submission of their false claims, they would not have

received the loans.

63.    By reason of Defendants' acts, the United States has been damaged, and continues

to be damaged, in a substantial amount to be determined at trial.

64.    This is a claim for treble damages and penalties under the FCA, 31 U.S.C. § 3729,

*et seq.* Additionally, the United States is entitled to the maximum penalty for each and every

violation arising from Defendants' unlawful conduct alleged herein.

## COUNT 2
### Violations of the FCA, 31 U.S.C. § 3729(a)(1)(B) Against All Defendants
### (Creating a False Record or Statement Material to a False Claim )

65.    The above paragraphs are realleged and incorporated herein.

66.    The FCA imposes liability on one who knowingly makes, uses, or causes to be

made or used a false record or statement material to a false or fraudulent claim paid or approved

by the U.S. government. 31 U.S.C. § 3729(a)(1)(B).

67.    Defendants knowingly made or caused to be made false records or statements to

support false claims submitted to the SBA for PPP loans.

68.    The false records and statements Defendants made were used to support false

claims submitted to the U.S. government.

69.    By reason of Defendants' acts, the United States has been damaged, and continues

to be damaged, in a substantial amount to be determined at trial.

70.    This is a claim for treble damages and penalties under the FCA, 31 U.S.C. § 3729,

*et seq.* Additionally, the United States is entitled to the maximum penalty for each and every

violation arising from Defendants' unlawful conduct alleged herein.

## **PRAYER FOR RELIEF**

WHEREFORE, *qui tam* Plaintiff/Relator prays for judgment against Defendants as

follows:

1.  That this Court enter judgment against Defendants in an amount equal to three times
    the damages the United Sates has sustained because of Defendants' actions, plus
    maximum civil penalties for each violation of 31 U.S.C. § 3729;

2.  That Relator be awarded the maximum amount allowed under 31 U.S.C. § 3730(d);

3.  That Relator be awarded all costs of this action, including attorney's fees and
    expenses; and

4.  That Relator recover such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Relator hereby demands a

trial by jury.

Dated: 7/22/2024                    Respectfully submitted,

J. Bryan Quesenberry
Plaintiff/Relator

B. Queszeberry
27150 SW Coast Ave.
Lincoln City, OR 97367

U.S. District Court
Central District of California
350 W. 1st Street, Suite 4311
Los Angeles, CA 90012-4565



CLERK, U.S. DISTRICT COURT
JUL 26 2024
CENTRAL DISTRICT OF CALIFORNIA
BY



Retail

RDC 99

U.S. POSTAGE PAID
FCM LG ENV
LINCOLN CITY, OR 973
JUL 22, 2024

90012

$2.31

R2304M115709-47